IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEFON JOHNSON, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:20-cv-149 |
| ) | |
| **CO 1 LASKO, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM ORDER**

The instant prisoner civil rights action was received by the Clerk of Court on June 9, 2020 and referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation ("R&R"), in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Civil Rules of this Court. The case was administratively closed on June 26, 2020 when Plaintiff's application for leave to proceed in forma pauperis was denied due to his failure to submit a certified institutional account statement with his application. ECF No. 2. After Plaintiff paid the requisite filing and administrative fees, however, the Clerk filed Plaintiff's complaint, ECF No. 6, along with his motion for preliminary injunction and temporary restraining order, ECF No. 8, declaration, ECF No. 10, and supporting memorandum of law, ECF No. 11.

In his complaint, Plaintiff names ten corrections officials at SCI-Forest as Defendants and alleges that they violated his Eighth Amendment and Fourteenth Amendment rights by depriving him of food on certain dates in December 2018. In his motion for injunctive relief, Plaintiff requests that the Court issue an order enjoining the Defendant corrections officials and "their successors in office, agents, and employees and all other persons acting in concert and

1

participation with them, from being in any type of contact with the Plaintiff, and being permanently separated from all defendants, any and all relatives, as well as spouces (sic) that work in the Department of Corrections." ECF No. 8, p. 2.  Plaintiff states in his supporting declaration that the prison officials at SCI-Forest "act as if they answer to no one."  ECF No. 10 at 1.  In addition to claiming that he was deprived of food, Plaintiff complains that his administrative grievances have been denied and that officers have interfered with his attempts to mail letters.  Id. at 1-2.  He states that corrections officers have the power to generate bogus misconduct reports and that the disciplinary hearing officers always side with the prison staff members over inmates.  Id. at 2.  Plaintiff alludes to unspecified acts of retaliation resulting from past administrative grievances and insists "this time it will be worst [sic]."  Id.  He implores the Court to separate him from the prison staff and fears he "will be killed if left with no help."  Id.

On July 28, 2020, Judge Lanzillo issued an R&R recommending that the Plaintiff's motion for a preliminary injunction and TRO be denied.  ECF No. 13.  In his report, Judge Lanzillo noted:

> Johnson's Complaint raises Eighth Amendment claims against the Defendants for their alleged failure to feed him on three occasions in December of 2018. See ECF No. 6, pp. 4-7. His motion for injunctive relief, however, levels no continuing accusations against the Defendants relating to this deprivation, but instead vaguely asks that the Defendants be barred from "being in any type of contact" with Johnson. ECF No. 8, p. 2. This request is unmoored from any allegations in his Complaint regarding alleged food deprivation, and Johnson's Complaint does not seek separation of from these Defendants as a remedy. Id. p. 6. Thus, Johnson has failed to connect the accusations in his Complaint to any ongoing or threatened actions by the Defendants. His motion for injunctive relief should be denied for that reason.

ECF No. 13 at 2-3.  To the extent that Plaintiff is seeking transfer to another institution, Judge Lanzillo opined that Plaintiff failed to establish that he would suffer an imminent risk of irreparable injury without the requested injunctive relief.

2

Plaintiff filed objections to the R&R on August 11, 2020. ECF No. 15.  In his objections, Plaintiff clarifies that he is not alleging that he was denied food on three separate occasions. Rather, Plaintiff alleges that he was denied one meal– lunch – on December 5, 2018 and then was denied twenty-one (21) consecutive meals over a seven-day period, from December 8 through December 15, 2020.  Plaintiff states that he "could have lost his life," and he insists "the court should impose some set of rules to ensure [his] safety."  ECF No. 15 at 3.

Having fully considered Plaintiff's objections, the Court agrees with Judge Lanzillo that Plaintiff has not stated a basis for injunctive relief.  Plaintiff's allegations concerning food deprivation – albeit serious – relate to events that allegedly occurred nearly two years ago, in December 2018.  No ongoing acts of meal deprivation have been alleged.  While Plaintiff alludes to other acts of retaliation, these are not set forth in his complaint or attributed to any particular named Defendant.  Though Plaintiff expresses fear for his safety and the possibility of future retaliation, he has not established a threat of imminent, irreparable harm as would justify a court order directing his transfer to another correctional institution.  Indeed, it is questionable whether the Court could appropriately interfere in the DOC's broad discretion in such a manner.  *See, e.g.*, *Shah v. Danberg*, 855 F. Supp. 2d 215 (D. Del. 2012) (denying state inmate's request for injunction ordering his transfer to a psychiatric center based, in part, on state supreme court's recognition that prison officials have discretion to house inmates at facilities of their choosing) (citation omitted); *Johnson v. Townsend*, No. 3:CV-03-2277, 2005 WL 8168229, at *5 (M.D. Pa. Apr. 25, 2005) ("We note that insofar as Plaintiff seeks this Court to order his transfer to another State Correctional Institution, it is within the discretion of the Department of Corrections ("DOC") to designate the place of incarceration of inmates under its authority, and that inmates have no right to be confined in any specific prison and have no right to a transfer.")

(citing authority), *report and recommendation adopted,* No. 3:03-CV-2277, 2005 WL 8168250 (M.D. Pa. Nov. 3, 2005).

In sum, after *de novo* review of the complaint and documents in the case, together with the report and recommendation and Plaintiffs' objections thereto, the following order is entered:

NOW, this 16th day of October, 2020;

IT IS ORDERED that Plaintiff's motion for preliminary injunction and temporary restraining order, ECF No. [8], shall be, and hereby is, DENIED without prejudice to be reasserted, should future circumstances so warrant.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on July 28, 2020, ECF No. [13], is adopted as the opinion of the Court, and Plaintiffs' objections thereto [15] are OVERRULED.

*(signature)*

SUSAN PARADISE BAXTER
United States District Judge

cm:   Stefon Johnson, Jr.
      LW6308
      SCI Forest
      PO Box 945
      286 Woodland Dr.
      Marianville, PA 16234
      (via First Class U.S. Mail)

      Counsel of Record
      United States Magistrate Judge Richard A. Lanzillo
      (via CM/ECF)

4