IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEFON JOHNSON, JR.,**         ) | |
|                                    ) | |
|          **Plaintiff,**         ) | |
|                                    ) | |
|             **v.**               ) | **Case No. 1:20-cv-149** |
|                                    ) | |
| **CO 1 LASKO, et al.,**            ) | |
|                                    ) | |
|         **Defendants.**      ) | |

## **MEMORANDUM ORDER**

The instant prisoner civil rights action was received by the Clerk of Court on June 9, 2020 and referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation ("R&R"), in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Civil Rules of this Court.  The case was administratively closed on June 26, 2020 when Plaintiff's application for leave to proceed in forma pauperis was dismissed due to his failure to submit a certified institutional account statement with his application.  ECF No. 2.  After Plaintiff paid the requisite filing and administrative fees, however, the Clerk filed Plaintiff's complaint, ECF No. 6, along with his motion for preliminary injunction and temporary restraining order, ECF No. 8, declaration, ECF No. 10, and supporting memorandum of law, ECF No. 11.

In his complaint, Plaintiff names ten corrections officials at SCI-Forest as Defendants and alleges, among other things, that the Defendants violated his Eighth Amendment and Fourteenth Amendment rights by spraying him with O/C spray on December 15, 2018 and by depriving him of food on certain dates during that same month.  Id.  Defendants filed a Partial Motion to Dismiss and supporting brief on November 17, 2020, ECF Nos. 26, 27.  In particular, Defendants

1

request dismissal of: (i) all claims against Defendant Sigworth; (ii) all claims against Defendant Gill; (iii) all monetary claims against the Defendants, to the extent those claims are brought against Defendants in their official capacities; and (iv) Plaintiff's §1983 claim predicated upon alleged violations of the Fourteenth Amendment. Plaintiff filed his brief in opposition to the motion on December 11, 2020. ECF No. 33.

On February 12, 2021, Judge Lanzillo issued an R&R recommending that the Defendants' motion be granted in part and denied in part. ECF No. 34. As to the claims against Gill, Judge Lanzillo recommended that the motion to dismiss be denied on the ground that Plaintiff has plausibly alleged Gill's personal involvement in depriving Plaintiff of meals. In all other respects, Judge Lanzillo recommended that the motion be granted.

On February 23, 2021, the Defendants filed objections in which they request only "that this Court require Plaintiff to file an amended complaint incorporating therein the recommendations set for[th] by the Magistrate Judge." ECF No. 35 at 2. "The Corrections Defendants request this relief so that the pleadings in this matter going forward are clear and that the Corrections Defendants thereafter respond to a single pleading, rather than the original Complaint and Plaintiff's Motion to dismiss response." Id.

Plaintiff has responded with a submission styled as "objections" to the Defendants' objections. ECF No. 36. Plaintiff characterizes Defendants' request as a "dilatory" tactic, the "sole purpose" of which is "to delay the disposition of the Court's docket." Id.

The Court does not view the Defendants' request as an unreasonable or dilatory tactic, given the number of Defendants and claims involved in this case. The timetable set forth herein will not significantly delay the disposition of Plaintiff's claims and will assist in defining the scope of claims remaining in the case. Accordingly, after *de novo* review of the complaint and

documents in the case, together with the report and recommendation, the Defendants' limited objections to the R&R, and Plaintiff's response thereto, the following order is entered:

NOW, this 6th day of April, 2021;

IT IS ORDERED that Defendants' Partial Motion to Dismiss Complaint, ECF No. [26], shall be, and hereby is, DENIED insofar as it relates to Plaintiff's §1983 claim against Defendant Gill alleging an Eighth Amendment violation based upon the denial of meals.  In all other respects, the Defendants' motion shall be, and hereby is, GRANTED.  In accordance with the foregoing, the following claims shall be dismissed WITH PREJUDICE:

(1) all claims against Defendant Sigworth;

(2) all §1983 claims against the Defendants for monetary damages, to the extent those claims are brought against the Defendants in their official capacities; and

(3) all §1983 claim predicated upon alleged violations of Plaintiff's Fourteenth Amendment rights.

IT IS FURTHER ORDERED, upon consideration of Defendants' objections to the Report and Recommendation, ECF No. [35], that the objections are well-taken and shall be SUSTAINED.  Accordingly, Plaintiff shall, on or before May 1, 2021, file an amended complaint that sets forth all remaining claims, including the actionable averments previously set forth in his response to the Defendants' partial motion to dismiss.  Defendants' responsive pleading shall be due within two weeks after the filing of Plaintiff's amended complaint.

Finally, IT IS ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on February 12, 2021, ECF No. [34], as modified herein, shall be, and hereby is, adopted as the opinion of the Court.

                                                *Susan Paradise Baxter*
                                                Susan Paradise Baxter
                                                United States District Judge

cm:    Stefon Johnson, Jr.
        LW6308
        SCI Forest
        PO Box 945
        286 Woodland Dr.
        Marianville, PA 16234
        (via First Class U.S. Mail)

        Counsel of Record
        United States Magistrate Judge Richard A. Lanzillo
        (via CM/ECF)