IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| STEFON JOHNSON JR., <br><br> Plaintiff, <br><br> vs. <br><br> C.O. 1 LESKO, CO 1 SIGWORTH, SGT. KEMP, SGT. MOOR, L.P.N. ANDRAKO, CO 4 GILL, LT. HARDING, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES; C.O. 1 BOOHER, C.O. 1 WILLCOX, C.O. 1 TERMINE, <br><br> Defendants, | 1:20-CV-00149-SPB <br><br> RICHARD A. LANZILLO <br> UNITED STATES MAGISTRATE JUDGE <br><br> ORDER ON APPLICATION FOR LEAVE TO FILE AN AMENDED COMPLAINT <br><br> ECF NO. 70 |

Presently before the Court is an application by the Plaintiff in this matter, Stefon Johnson, Jr., ("Johnson") for leave to file an Amended Complaint to add new individuals as Defendants. For the following reasons, the application is denied.

Motions for leave to file amended pleadings are governed by Fed. R. Civ. P. 15(a), which provides as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been place upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Since Defendants have filed a responsive pleading, leave of Court is necessary.

1

In *Foman v. Davis*, 371 U.S. 178 (1962), the United States Supreme Court interpreted Rule 15(a) by stating:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously-allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the federal rules.

*Id.* at 182. This Court has long interpreted Rule 15(a) by stating that the right to amend a pleading is addressed to the discretion of the court, and great liberality in allowance of amendments is desired where it is necessary to bring about a furtherance of justice. *Hirschhorn v. Mine Safety Appliances Co.*, 101 F. Supp. 549, 552 (W.D. Pa. 1951), *aff'd.*, 193 F.2d 489 (3d Cir. 1952), cert. denied, 346 U.S. 866 (1953). However, the prescription of a liberal policy toward amendment of pleadings does not mean the absence of all restraint. *Garrison v. Baltimore & Ohio Railroad Co.*, 20 F.R.D. 190, 194 (W.D. Pa. 1957). Thus, the Court must exercise its discretion in light of the circumstances presented by the case at hand.

It must be further noted that practice under Rule 15(a) requires that a motion set forth, with particularity, the order requested and the grounds supporting the application. Wright and Miller, *Federal Practice and Procedure* § 1485, p. 422. In order to satisfy this requirement, the moving party should attach a proposed amended pleading to the motion in order to apprise the Court, and the opposing party, of the exact nature of the claim. *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981); Wright and Miller, *Federal Practice and Procedure* § 1485, p. 422;

MOORE'S FEDERAL PRACTICE § 15.12, p. 15-152–15-153. In sum, the opposing party must be put on notice of the nature of the proposed amendment so that he is given ample opportunity to present specific objections. *See* Wright and Miller, *Federal Practice and Procedure* § 455, p. 422.

Here, Johnson has not complied with the pleading and practice requirements of Rule 15(a). His motion states only that he has identified new Defendants, without naming them or identifying the nature of any potential claims against them. This is not a permissible approach to obtaining leave to amend. As stated, the moving party in a Rule 15(a) situation must apprise the Court and the opposing party of the precise nature of the proposed amendment, and because Johnson has failed to do this, his motion is DENIED.

DATED this 13th day of December, 2021.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE