## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEFON JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-149 |
| | ) | |
| CO 1 LASKO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM ORDER</u>

Pending before the Court in the above-captioned case are two filings by Plaintiff Stefon Johnson, Jr.: a "Brief in Opposition to Judge Lanzillo's Order Denying Plaintiff's Motion to Compel Discovery," ECF No. 69, and a "Brief in Opposition to Judge Lanzillo's Order Denying Plaintiff's Motion for Spoliation," ECF No. 71. The Court construes these filings as appeals from the referenced rulings by United States Magistrate Judge Richard A. Lanzillo.

### I.    BACKGROUND

By way of relevant background, the Court notes the following. Plaintiff's operative pleading is his Amended Complaint, in which he asserts Eighth Amendment claims against nine corrections officers predicated upon alleged use of excessive force and denial of meals. ECF No. 41. On September 13, 2021, Plaintiff filed a "Motion to Compel Discovery," ECF No. 57, and a "Motion for Spoliation and Adverse Inference/Sanctions," ECF No. 59. Plaintiff's motion to compel discovery concerned, in relevant part, Plaintiff's request for a copy of his prison medical file, a logbook for "JC pod," and information concerning the prison's "use-of-force" policy. The motion for an adverse inference of spoliation concerned Plaintiff's request for certain camera footage of the periods when he claims he was denied meals.

1

On October 15, 2021, Judge Lanzillo held a telephonic hearing for the purpose of addressing Plaintiff's motions.  After hearing from the parties, he denied the motions, partly on mootness grounds and partly on the merits.

With respect to Plaintiff's motion to compel, Judge Lanzillo found that the motion was largely moot because of Plaintiff's receipt of most of the documents he had requested.  Defense counsel represented during the hearing that he had produced medical records for the period "just before . . . the allegation in the Complaint in November of 2018 to January of [20]19."  ECF No. 72 at 7.  Counsel also mailed medical records pertaining to Plaintiff's "eye issue" on September 21, 2021, although Plaintiff had not received those records.  *Id.*  As for Plaintiff's request for the JC pod "logbook," defense counsel stated that he was not sure exactly what that request was referring to, but counsel had provided shift rosters and "the DC-17 access," which would show the initials of individuals who had handed out food trays or engaged in different interactions with the prisoners on the dates in question.  *Id.* at 6.  As for Plaintiff's request for information pertaining to the prison's "use-of-force" policy, Plaintiff acknowledged that he had access to DC-ADM-201 in the library, but he felt the policy was vague in that it did not explain concepts such as "a planned use of force and unplanned use of force."  *Id.* at 4.

Judge Lanzillo denied Plaintiff's requests relative to the medical records, but with the proviso that, if the recently mailed records did not "make their way to [Plaintiff] through the ordinary course of the system," ECF No. 72 at 8, then Plaintiff should notify defense counsel and defense counsel should mail a second copy to Plaintiff.  *Id.* at 8-9.  Judge Lanzillo further ruled that Defendants' production of roster sheets was adequate to address Plaintiff's request for the prison "logbook."  Finally, as to Plaintiff's request for information on the prison's "use-of-force" policy, Magistrate Judge Lanzillo ruled that Plaintiff's access to DC-ADM-201 through the

prison library was sufficient and that it was not appropriate for Plaintiff to seek further elaboration from Defendants through a request for production of documents.  ECF No. 72 at 4.

Plaintiff's motion for a spoliation inference concerned lost camera footage which, he believes, would have shown that he was deprived of numerous meals over the course of many days in December 2018.  Plaintiff represented that he made allegations of abuse through the prison's administrative grievance process, through verbal statements to staff, and through third parties; he believes this should have been sufficient to place the prison on notice that it should preserve relevant video footage of his cell area.  Defense counsel posited that none of the alleged events pertaining to Plaintiff's meals were the type of "extraordinary occurrences" as would have placed prison officials on notice that surveillance footage should be preserved, especially because Plaintiff never made a preservation request in his various grievances.

Judge Lanzillo found that there was no culpable failure on the part of Defendants to preserve the video.  He noted that "the preservation of the video regarding the use of force incident was absolutely appropriate and . . . something [he] would expect in a situation like this." ECF No. 72 at 15.  However, Judge Lanzillo found that "the determination internally . . . at the prison that preserving multiple days of video regarding when you were or were not receiving food doesn't meet the same standard[.]" *Id.*  Consequently, Judge Lanzillo concluded that there had been no spoliation of evidence. *Id.*  He formally denied the motions in a text order entered October 15, 2021, the same date as the hearing.  ECF No. 68.

## II.    ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine most non-dispositive pretrial matters.  A district judge may reconsider these determinations if the decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *N.L.R.B. v. Frazier*,

966 F.2d 812, 816 (3d Cir. 1992).  *See also* Fed. R. Civ. P. 72(a) (parties may file objections to a magistrate judge's ruling on a non-dispositive matter within 14 days after being served with the ruling; the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); LCvR 72(c)(2) (stating that, upon review of a non-dispositive ruling, "[t]he District Judge assigned to the case shall consider the objections and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law").

A finding is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, N.C., 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).  A magistrate judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). "Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, . . . the court will defer to the Magistrate Judge's discretion." *Indivior Inc. v. Dr. Reddy's Labs. S.A.*, No. CV177106KMCLW, 2020 WL 4932547, at *4 (D.N.J. Aug. 24, 2020). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Id.* (quoting *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997)). Relevantly, "[i]t is well settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues." *Bracey v. Harlow*, No. 1:11-CV-4-SJM-MPK, 2013 WL 2253576, at *1 (W.D. Pa. May 22, 2013) (citing authority); *see Pressley v. E. Dist. Precinct*, No. CV 09-3215 (WJM), 2015 WL 6445750, at *2 (D.N.J. Oct. 23, 2015) (court "recogniz[ing] the

4

discretion afforded to the Magistrate Judge in case management matters, including scheduling deadlines").

In appealing from the Magistrate Judge's ruling on his motion to compel, Plaintiff argues that he needs DOC Policy 6.3.1 "Facility Security" in order to prove that the force used against him was "planned" and that the Defendants' use of O/C spray was contrary to proper procedures. ECF No. 69 at 2-3. Plaintiff notes that DC-ADM 201, pertaining to "Use of Force," contains a cross-reference to Policy 6.3.1. Plaintiff also states that he has not received the medical records that were supposedly mailed to him on September 21, 2021.

After full consideration of Plaintiff's arguments, the Court finds no grounds for overturning Judge Lanzillo's October 15, 2021 ruling relative to Plaintiff's motion to compel. Judge Lanzillo has ably managed this case from the outset and has developed a "thorough knowledge of the proceedings." *Indivior Inc.,* 2020 WL 4932547, at *4. The Magistrate Judge's denial of Plaintiff's requests for additional "use-of-force" information was well within the broad limits of his discretion to determine the appropriate scope of discovery. And, to the extent Plaintiff has concerns about the medical records that were reportedly mailed on September 21, 2021, those concerns are adequately addressed by the procedures laid out by Judge Lanzillo during the October 15, 2021 hearing: namely, Plaintiff was directed to notify defense counsel that he has not received the medical records, and defense counsel would then re-mail the records. Accordingly, Plaintiff's appeal of the Magistrate Judge's ruling relative to his motion to compel will be denied.

The Court will also deny Plaintiff's appeal of Judge Lanzillo's ruling relative to spoliation. Plaintiff points to aspects of DC-ADM 001 which, he claims, demonstrates that Defendants failed to properly investigate his complaints of abuse arising from the alleged denial

of meals.  But none of Plaintiff's assertions in this regard demonstrate that Judge Lanzillo committed clear error when he determined that the Defendants had not engaged in spoliation in failing to preserve video surveillance footage of his cell over the course of numerous days in December 2018.

Plaintiff also objects that Judge Lanzillo failed to address his allegation that certain video footage was altered.  The Court is not persuaded that Magistrate Judge Lanzillo committed any abuse of discretion in his handling Plaintiff's motion for a spoliation inference.  On the contrary, it is clear from the transcript that Judge Lanzillo sought to understand the nature of Plaintiff's spoliation theory and, to that end, invited Plaintiff to clarify his argument.  At no point during the hearing did Plaintiff object that any part of his spoliation argument had been overlooked or ignored.

Accordingly, because the Magistrate Judge did not abuse his discretion, and because his decisions to deny Plaintiff's motion to compel and deny Plaintiff's motion for an adverse spoliation inference were neither clearly erroneous nor contrary to law, IT IS HEREBY ORDERED, this 8th day of April, 2022, that Plaintiff's appeals, ECF No. [69] and [71], are OVERRULED and the Orders entered by Magistrate Judge Richard A. Lanzillo on October 15, 2021, ECF No. 68, shall be, and hereby are, AFFIRMED.

Susan Paradise Baxter
United States District Judge

cm:   Stefon Johnson, Jr.
      LW6308
      SCI Forest
      PO Box 945
      286 Woodland Dr.
      Marianville, PA 16234
      (via First Class U.S. Mail)

Counsel of Record
United States Magistrate Judge Richard A. Lanzillo
(via CM/ECF)